Appellant Archie Burgan, Jr. is appealing the decision of the Tuscarawas County Court of Common Pleas that found him to be a "sexual predator" as defined in R.C. 2950.01(E). The following facts give rise to this appeal.
In 1989, appellant was convicted of felonious assault. Appellant is currently incarcerated due to a probation violation. After the enactment of Ohio's version of Megan's Law, in R.C. Chapter 2950, the warden of the penal institution where appellant is incarcerated recommended that appellant be classified a "sexual predator". Prior to this hearing, appellant filed several motions challenging the constitutionality of R.C. Chapter 2950. The trial court overruled appellant's constitutional challenges to the statute.
Following a hearing, the trial court issued a judgment entry, on August 19, 1997, finding appellant to be a sexual predator. Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE TRIAL COURT HAS A DUTY TO RULE ON THE MOTION TO DISMISS ON THE ISSUE OF VAGUENESS.
 (A) THE COURT INCORRECTLY RULED ON VIOLATIONS OF EX POST FACTO LAWS.
 II. THE APPLICATION OF R.C. 2950.04 AND 2950.07 (EFFECTIVE JULY 1, 1997) VIOLATE THE PROHIBITION AGAINST EX POST FACTO LAWS.
 I
Appellant claims, in his first assignment of error, that the trial court failed to rule on his motion to dismiss and incorrectly determined R.C. Chapter 2950 does not violate the Ex Post Facto Clause of the United States Constitution. We disagree.
For the reasons stated in appellant's first assignment of error, we overrule appellant's second assignment of error.
Appellant's second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
By: Wise, P. J., Hoffman, J., and Farmer, J., concur.
--------------------
--------------------
 -------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed.
--------------------
--------------------
 -------------------- JUDGES